UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06546-MRA-JC | Date | October 18, 2024 |
|---|---|---|---|
| Title | Matthew J. Cohick, et al. v. Markel Insurance Company | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED OR DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 11, 2024, Plaintiffs/Petitioners Matthew J. Cohick and Kristina Cohick (hereinafter, "Plaintiffs") filed a petition against Defendant Markel Insurance Company ("Markel") in Los Angeles County Superior Court. ECF 1 ¶ 2; ECF 1-1. The petition states that "[t]his action is proceeding by way of a binding arbitration pursuant to underinsured provisions of the insurance policy as between [the parties]." ECF 1-1 at 1. The stated purpose of the petition was to "open a Superior Court file, secure a case number, and thereby bring this matter under the jurisdiction of the [Superior] Court." *Id.* On August 2, 2024, Defendant removed the action to federal court, asserting that the Court has subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF 1 ¶ 1. On August 16, 2024, the Court set the Scheduling Conference in this matter for October 24, 2024. ECF 8. The parties thereafter filed a Joint Report pursuant to Federal Rule of Civil Procedure 26(f). ECF 12. Upon the parties' request, the Court continued the Scheduling Conference to October 31, 2024. ECF 16.

In the Joint Report, Plaintiffs state that they brought this case "so that an action is pending in the event discovery disputes arise or a motion to compel appointment of an arbitrator becomes necessary," but that pursuant to California law and the terms of the insurance policy, the merit of their claim is "determined by arbitration." ECF 12 at 2. Plaintiffs also dispute that the Court has jurisdiction because "[a]t present there are no disputes between the parties, whether ripe for adjudication or otherwise, that would come under the jurisdiction of either the Superior Court or this Court." *Id.* at 3. Petitioners continue that "[n]either forum is where the ultimate question . . . will be adjudicated." *Id.* Defendant states that jurisdiction is proper in this Court because "[a]s there is no pending arbitration in this matter, and Claimants' have opened this matter with the Court, jurisdiction is proper in this Court." *Id.* at 4. In the remainder of the Joint Report, Plaintiffs do not provide any information on how they intend to prosecute this matter. *See id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06546-MRA-JC | Date | October 18, 2024 |
|---|---|---|---|
| Title | Matthew J. Cohick, et al. v. Markel Insurance Company | | |

4-7. Nor do the parties propose *any* pretrial dates or deadlines. ECF 13.

Under Article III of the U.S. Constitution, the judicial power of the federal courts extends to "Cases" and "Controversies." "[C]ourts have 'no business' deciding legal disputes or expounding on the law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "According to the classic formulation, in order to be justiciable, a 'controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy, admitting of a specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920 (9th Cir. 2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

Ordinarily, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). The Ninth Circuit has held that a district court may dismiss a case rather than remand to state court, however, where it is "certain that a remand to state court would be futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). "[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained" is dismissal appropriate. *Polo*, 833 F.3d at 1198.

Having reviewed Defendant's Notice of Removal and the parties' Joint Report, the Court has serious doubts that this action presents a case or controversy within the Court's subject matter jurisdiction and that the Superior Court would have jurisdiction over this matter on remand.

Accordingly, the Court **ORDERS** the parties to **SHOW CAUSE** why this case presents a justiciable controversy subject to the Court's jurisdiction. Defendant shall file a response, not to exceed seven (7) pages in length, no later than October 24, 2024. Plaintiffs shall file a reply, not to exceed seven (7) pages in length, no later than October 30, 2024. The Court shall hear argument on the matter at the Scheduling Conference on October 31, 2024.

**IT IS SO ORDERED.**

|   | - : - |
|---|---|
| Initials of Deputy Clerk | gga |